

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FOCUS DIRECT, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | SA-02-CA-1175-WRF |
| v. | § | |
| | § | |
| GARY SEKULOW, AMERICAN | § | DEFENDANT and COUNTER- |
| CENTER FOR LAW AND JUSTICE, | § | PLAINTIFF AMERICAN CENTER FOR |
| WILLIAM SIDEBOTTOM, | § | LAW AND JUSTICE'S FIRST |
| CHRISTIAN ADVOCATES | § | AMENDED COUNTERCLAIM |
| SERVING EVANGELISM, INC., and | § | |
| M.G. "PAT" ROBERTSON, | § | |
| | § | |
| Defendants. | § | |

## COUNTER-PLAINTIFF AMERICAN CENTER FOR LAW AND JUSTICE'S FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the American Center for Law and Justice, Counter-Plaintiff and Defendant in the above-styled action, and hereby files its First Amended Counterclaim in accordance with Rule 15(a) of the Fed.R.Civ.P. and in support thereof would show unto the Court the following:

1. Counter-Plaintiff American Center For Law And Justice ("ACLJ") is a Virginia non-profit corporation doing business in Texas.

2. Counter-Defendant FOCUS Direct, Inc. ("FOCUS") is a Texas Corporation, with its principal place of business in Texas and has previously appeared herein and no service of
COUNTER-PLAINTIFF AMERICAN CENTER FOR LAW
AND JUSTICE'S FIRST AMENDED COUNTERCLAIM                                    Page 1

EXHIBIT A

process is necessary at this time as service has been affected on the said Counter-Defendant by serving its attorneys of record herein in accordance with the Federal Rules of Civil Procedure.

3. Counter-Defendant is subject to the jurisdiction of this Court.

4. Venue is proper in this Court.

## FACTS

5. On or about July 17, 1995 ACLJ entered into an agreement with FOCUS in which FOCUS was to develop lists of potential donors for ACLJ. ACLJ was to pay FOCUS for this service. (A true and accurate copy of the agreement is attached as Exhibit 1 to Plaintiff's First Amended Complaint and ACLJ request that judicial notice be taken of the same.)

6. Under the terms of the agreement, the agreement was to be terminated upon satisfaction of all obligations contained in the agreement.

7. On or about January 4, 1999 the agreement was terminated due to satisfaction of all obligations contained in the agreement.

8. On or about November 15, 1999 ACLJ entered into an agreement with InterAct Response Communications ("IRC") as FOCUS Direct's broker, and FOCUS Direct. IRC was to assume the role of coordinating vendor in providing a direct mail name prospecting program for ACLJ. The agreement states that FOCUS will serve as the primary mail production vendor and principal provider of financial resources. (A true and accurate copy of the agreement is attached as Exhibit 2 to Plaintiff's First Amended Complaint and ACLJ requests that judicial notice be taken of the same with the said agreement being hereafter referred to as the "1999 contract.")

9. Under the terms of the 1999 contract, FOCUS was required to acquire new donor

and qualified non-donor names and provide marketing for ACLJ and Christian Advocates Serving Evangelism, Inc. (hereafter referred to as "CASE"), a non-profit organization which is an affiliate of ACLJ.

10. ACLJ and CASE were required to pay FOCUS fees for services provided pursuant to the terms of the 1999 contract.

11. FOCUS failed to provide services as required by the 1999 contract. FOCUS failed to provide, including but not limited to, the following: (1) its marketing responsibilities; (2) in using a substandard marketing firm; and, (3) in quitting performance for its duties required under the 1999 contract.

## **BREACH OF CONTRACT**

12. The allegations set forth in paragraphs 1 through 11 of the Counterclaim are hereby fully incorporated by reference.

13. FOCUS had an obligation under the contract to acquire names through direct mail prospecting programs and provide marketing for ACLJ and CASE.

14. FOCUS breached its obligations to acquire names through direct mail prospecting programs and provide marketing under the contract by using a substandard direct marketing firm (DataMark List) to place the list rental orders, knowing that the firm was not familiar with the "Conservative/Christian" list market.

15. FOCUS also breached its obligations under the contract when it stopped sending out marketing lists after one bad test-run, on or about March 31, 2001. FOCUS had a duty to continue prospecting after the direct mail campaign failed, yet FOCUS simply stopped all

prospecting after March 31, 2001.

16. As a result of FOCUS's breach, Counter-Plaintiff was damaged by lost revenues and other actual and consequential damages.

17. FOCUS further breached its obligations under the contract since paragraph F, section 4 states ACLJ was to receive "printing, mailshop, and postage invoices for prospecting mailings, and subsequent 'house' mailings to names in the 'prospecting segment of the American Center for Law and Justice house file" out of the monies realized by donations. ACLJ did not receive monies for subsequent mailings and has been damaged as a result.

18. FOCUS is liable to Counter-Plaintiff for damages in an amount to be determined at trial including reasonable and necessary attorneys' fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code.

WHEREFORE Counter-Plaintiff pray for the following:

(a.) That FOCUS appear as provided by law to answer each and every allegation in this First Amended Counterclaim;

(b.) That Counter-Plaintiffs have judgment against FOCUS for Breach of Contract in an amount to be determined at trial;

(c.) That all costs (including reasonable and necessary attorneys' fees) be charged against FOCUS; and

(d.) That Counter-Plaintiffs have such other and further reliefs as this Court deems just and appropriate.

COUNTER-PLAINTIFF AMERICAN CENTER FOR LAW
AND JUSTICE'S FIRST AMENDED COUNTERCLAIM                                    Page 4

Respectfully submitted, this 29th day of August, 2003.

*[signature: Thomas S Brandon]*

| | |
|---|---|
| THOMAS S BRANDON, JR.<br>SBN 02881400<br><br>Of Counsel:<br><br>WHITAKER, CHALK,<br>SWINDLE & SAWYER, L.L.P.<br><br>3500 City Center Tower II<br>301 Commerce Street<br>Fort Worth, Texas 76102-4135<br>Telephone (817) 878-0500<br>Telefax (817) 878-0501 | ANDREW J. EKONOMOU<br>Georgia Bar No. 242750<br>MICHAEL LAMBROS<br>Georgia Bar No. 432113<br><br><br><br>EKONOMOU ATKINSON & LAMBROS,<br>L.L.C.<br>450 The Hurt Building<br>50 Hurt Plaza, S.E.<br>Atlanta, Georgia 30303<br>Telephone (404) 221-1000<br>Telefax (404) 577-3900 |

**ATTORNEYS FOR DEFENDANT and COUNTER-PLAINTIFF,
AMERICAN CENTER FOR LAW AND JUSTICE**

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading, namely, DEFENDANT AMERICAN CENTER FOR LAW AND JUSTICE'S FIRST AMENDED COUNTERCLAIM, by depositing a copy of the same in the United States Mail, certified mail, return receipt requested, with sufficient postage affixed thereto to insure delivery, or by facsimile or federal express addressed to the Plaintiff counsel as follows: R. Laurence Macon and Melanie Cowart, AKIN, GUMP, STRAUSS, HAUER & FIELD, L.L.P., 300 Covent Street, Suite 1500, San Antonio, Texas 78205 and all other counsel appearing herein via regular mail, postage prepaid, in accordance with the Federal Rules of Civil Procedure.

*[signature: Thomas S Brandon]*
THOMAS S BRANDON, JR.