RECEIVED
OCT 1 6 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

FILED
OCT 2 0 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FOCUS DIRECT, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | SA-02-CA-1175-WRF |
| GARY SEKULOW, AMERICAN CENTER FOR LAW AND JUSTICE, WILLIAM SIDEBOTTOM, CHRISTIAN ADVOCATES SERVING EVANGELISM, INC., and M.G. "PAT" ROBERTSON, | § § § § § § § § | |
| Defendants. | § § | |

and

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, WILLIAM SIDEBOTTOM, CHRISTIAN ADVOCATES SERVING EVANGELISM, INC., | § § § § § § | CIVIL ACTION NO. SA-02-CA-1175-WRF |
| Third-Party Plaintiffs, | § § | THIRD-PARTY PLAINTIFFS, AMERICAN CENTER FOR LAW AND JUSTICE and CHRISTIAN ADVOCATES |
| v. | § § | SERVING EVANGELISM, INC.'S ORIGINAL COMPLAINT AGAINST |
| INTERACT RESPONSE COMMUNICATIONS, LTD., | § § § | THIRD PARTY DEFENDANT, INTERACT RESPONSE COMMUNICATIONS, LTD. |
| Third-Party Defendant. | § | |

---

THIRD PARTY PLAINTIFFS, AMERICAN CENTER FOR LAW
AND JUSTICE and CHRISTIAN ADVOCATES SERVING
EVANGELISM, INC.'S ORIGINAL COMPLAINT AGAINST THIRD PARTY
DEFENDANT, INTERACT RESPONSE COMMUNICATIONS, LTD.

Page 1





EXHIBIT A

## THIRD-PARTY PLAINTIFFS AMERICAN CENTER FOR LAW AND JUSTICE and CHRISTIAN ADVOCATES SERVING EVANGELISM, INC.'S ORIGINAL COMPLAINT AGAINST THIRD PARTY DEFENDANT, INTERACT RESPONSE COMMUNICATIONS, LTD.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW American Center for Law and Justice and Christian Advocates Serving Evangelism, Inc., Third Party Plaintiffs in this action, and file this their Original Third Party Complaint against Third Party Defendant, InterAct Response Communications, Ltd. pursuant to Rules 14 and 19(a) of the Fed.R.Civ.Proc. and the Federal Declaratory Judgment Act and, among other things, request a declaration concerning certain rights and responsibilities regarding a certain contract, for construction of the same, and for damages for breach of contract and for costs incurred as a result of enforcing their rights to indemnity and contribution against Third Party Defendant, InterAct Response Communications, Ltd. In support of this Complaint, Third Party Plaintiffs show unto the Court the following:

### PARTIES

1. Third Party Plaintiff, American Center for Law and Justice (hereafter referred to as "ACLJ") is a Virginia corporation doing business in Texas.

2. Third Party Plaintiff, Christian Advocates Serving Evangelism, Inc. (hereafter referred to as "CASE") is a California corporation doing business in Texas.

3. Third Party Defendant, **InterAct Response Communications, Ltd.** (hereafter referred to as "IRC") is a limited liability corporation organized pursuant to the laws of the State of Virginia and is a foreign corporation, having its principal place of business 101 Lytham, Smithfield,

VA 23430. Third Party Defendant IRC has done and is continuing to do business in the State of Texas in its contract with the Third Party Plaintiffs and with Focus Direct, Inc.; although it does not maintain a regular place of business in this State it has not registered to do business in this State; and, upon information and belief, has not designated a registered agent in this State for service of process. When service of process is issued for InterAct Response, it should be issued to its **registered agent, Timothy C. Carwile, L.L.&B. Building, 1096 S. Wayne Ave., Waynesboro, VA 22980.**

## JURISDICTION

4. Counter-Defendant IRC is subject to the jurisdiction of this Court. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1132(e)(1) based upon the diversity of the citizenship of the parties hereto.

5. In addition, the Court has personal jurisdiction over Third-Party Defendant, IRC, since it has done and continues to do business in Texas.

## VENUE

6. Venue is proper in this Court since the transactions between the parties and all or part of the cause of action of the Plaintiffs occurred in the Western District of Texas. Pursuant to 28 U.S.C. § 1391(a) venue is proper in this district and division.

## BACKGROUND FACTS

7. On or about July 17, 1995 American Center for Law and Justice ("ACLJ") entered into an agreement with Focus Direct, Inc., Plaintiff herein ("Focus"), in which Focus was to formulate lists of potential donors for ACLJ. ACLJ was to pay Focus for this service. (A true and

---

THIRD PARTY PLAINTIFFS, AMERICAN CENTER FOR LAW
AND JUSTICE and CHRISTIAN ADVOCATES SERVING
EVANGELISM, INC.'S ORIGINAL COMPLAINT AGAINST THIRD PARTY
DEFENDANT, INTERACT RESPONSE COMMUNICATIONS, LTD.                           Page 3

accurate copy of the agreement is attached as Exhibit 1 to Plaintiff's First Amended Complaint and ACLJ and CASE request that judicial notice be taken of the same.).

8.   Under the terms of the agreement, the agreement was to be terminated upon satisfaction of all obligations contained in the agreement.

9.   On or about January 4, 1999 the agreement was terminated due to the satisfaction of all obligations contained in the agreement.

10.   On or about November 15, 1999, ACLJ and CASE entered into agreements with InterAct Response Communications ("IRC"), in which Plaintiff Focus Direct, Inc. was a third-party beneficiary. IRC was to assume the role of coordinating vendor in providing a direct mail name prospecting program for ACLJ and CASE. The agreement, among other things, states that Focus will serve as the primary mail production vendor and principal provider of financial resources. (A true and accurate copy of the agreement is attached as Exhibit 2 to Plaintiff's First Amended Complaint and Third Party Plaintiffs request that judicial notice be taken of the same with the said agreement being hereafter referred to as the "1999 contract").

11.   Under the terms of the 1999 contract, IRC and Focus were required to acquire new donor and qualified non-donor names and provide marketing for ACLJ and CASE.

12.   ACLJ and CASE were required to pay IRC and Focus fees for services provided pursuant to the terms of the 1999 contract.

13.   IRC failed to provide services as required by the 1999 contract. IRC failed to provide, including but not limited to, the following: (1) it failed in its marketing responsibilities; (2) it used

a substandard marketing firm; and, (3) it ceased the performance of its duties required under the 1999 contract.

14. Third-party Defendant IRC's failure to perform and breach the said Agreement as well as the allegations asserted by Focus against the Third-party Plaintiffs, have created uncertainty concerning the parties' rights and status under the Agreement, as well as the enforceability of the parties' agreements thereunder. Third-party Plaintiffs show that there currently exists a justiciable controversy between the named parties with respect to the subject matter of this case.

15. Plaintiffs request that the Court clarify the rights and obligations between the parties and declare that the Third-party Defendant, IRC, to be in breach of the said 1999 contract.

## BREACH OF CONTRACT

16. The allegations set forth in paragraphs 1 through 15 are hereby fully incorporated by reference.

17. IRC as the agent for Focus had an obligation under the contract to acquire names through direct mail prospecting programs and provide marketing for ACLJ and CASE.

18. IRC breached its obligations to acquire names through direct mail prospecting programs and provide marketing under the contract by using a substandard direct marketing firm (DataMark List) to place the list rental orders, knowing that the firm was not familiar with the "Conservative/Christian" list market.

19. IRC as the agent for Focus also breached its obligations under the contract when it stopped sending out marketing lists after one bad test-run, on or about March 31, 2001. IRC had a

duty to continue prospecting after the direct mail campaign failed, yet it simply stopped all prospecting after March 31, 2001, and failed to mail any others.

20. IRC further breached its obligations under the 1999 contract since paragraph F, section 4 states CASE was to receive "printing, mailshop, and postage invoices for prospecting mailings, and subsequent 'house' mailings to names in the 'prospecting segment of the Office of the Chief Counsel house file" out of the monies realized by donations. CASE did not receive monies for subsequent mailings and has been damaged as a result.

21. IRC breached the 1999 contract entered into between ACLJ and CASE and Third-party Defendant, IRC. IRC had certain obligations and responsibilities under the said Agreement but failed to fulfill either its obligations or responsibilities therein and thereby breach the Agreement.

22. As a result of IRC' breaches, Third-Party Plaintiffs, ALCJ and CASE, have been damaged by lost revenues and other actual and consequential damages in an amount to be determined at trial by the trier of fact.

23. The breach of the Agreement by IRC was the producing cause of ACLJ and CASE's damages.

24. ACLJ and CASE have been damaged by lost revenues (past and future) and other actual and consequential damages, including reasonable and necessary attorneys' fees in order to prosecute this claim against IRC and in defending the action brought by Plaintiff, Focus Direct, Inc.

25. ACLJ and CASE have retained the undersigned law firms to represent them in this action and have agreed to pay such law firm reasonable and necessary attorney's fees. An award of

reasonable and necessary attorney's fees to Third-Party Plaintiffs would be equitable and just and is authorized by §38.001 of the Texas Civil Practice and Remedies Code.

26. Third-Party Plaintiffs have fulfilled all of their contractual obligations under the 1999 contract.

27. All conditions precedent, if any, have been met, fulfilled, performed, waived or otherwise satisfied.

## DECLARATORY JUDGMENT RELIEF

28. Third-Party Plaintiffs, ACLJ and CASE, are interested parties whose rights, status or other legal relations are affected by the said 1999 contract referred to elsewhere herein, between the parties and hereby requests this Court to determine any question of construction of the same and obtain a declaration of the rights, status, or other legal relations of Third-Party Plaintiffs with respect to the said Agreement pursuant to the Federal Declaratory Judgment Act.

29. Pursuant to the Federal Declaratory Judgment Act, Third-Party Plaintiffs request that this Court construe and interpret the 1999 contract and declare that Third-Party Defendant, IRC, had certain responsibilities under the said Agreement that it did not fulfill and is therefore in breach of its obligations, and that ACLJ and CASE have the right to sue or bring suit against IRC for any amounts for which they can prove they have been damaged.

## CONTRIBUTION AND INDEMNITY

30. Third-Party Plaintiffs also request a declaration that the Third-Party Defendant, IRC, is responsible for some or all of the damages asserted by Focus in its allegations for claims against

THIRD PARTY PLAINTIFFS, AMERICAN CENTER FOR LAW
AND JUSTICE and CHRISTIAN ADVOCATES SERVING
EVANGELISM, INC.'S ORIGINAL COMPLAINT AGAINST THIRD PARTY
DEFENDANT, INTERACT RESPONSE COMMUNICATIONS, LTD.   Page 7

the Defendants. As such ACLJ and CASE are entitled to receive contribution towards the payment of the claims made by the Plaintiff, Focus Direct, Inc. in an amount to be determined by the trier of fact.

31.  In the alternative, Third-Party Plaintiffs, ACLJ and CASE request a declaration that they are entitled to indemnification from IRC with respect to the extent of the Plaintiff, Focus Direct's claims against ACLJ and CASE.

32.  The 1999 Contract between ACLJ and CASE and IRC contains a specific indemnification provision in paragraph IX which covers the subject matter of this litigation as alleged by the Plaintiff. The same reads:

> "IRC warrants that it shall indemnify and hold ACLJ harmless from
> any and all liability arising from the performance, actions or omissions
> of any other vendor, agency, consultant, or employee serving
> ACLJ or IRC throughout the term of this Agreement."

33.  Third-Party Plaintiffs, ACLJ and CASE are entitled to a judicial declaration that IRC shall indemnify and hold harmless ACLJ from any liability asserted by the Plaintiff, Focus Direct, Inc. in this action as the Plaintiff has alleged liability against ACLJ and CASE based upon the performance or actions performed by Plaintiff for ACLJ during the term of the 1999 contract.

WHEREFORE, Third-Party Plaintiffs request that Third-Party Defendant, IRC, be cited to appear and answer herein, and that on final hearing Third-Party Plaintiffs have judgment as follows:

a.  A declaration that Third-Party Defendant, IRC breached the 1999 Agreement and is responsible to ACLJ and CASE for the damages which resulted as a result thereof;
b.  For reasonable and necessary attorney's fees;
c.  For costs of suit; and,
d.  For such other and further relief to which Third-Party Plaintiffs may be entitled.

---

Dated: October 15, 2003                             Respectfully submitted,

_____
THOMAS S BRANDON, JR
SBN 02881400

Of Counsel:
WHITAKER, CHALK,
SWINDLE & SAWYER, L.L.P.

3500 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102-4135
(817) 878-0500; (817) 878-0501 (fax)

ANDREW J. EKONOMOU
Georgia Bar No. 242750

MICHAEL LAMBROS
Georgia Bar No. 432113

Of Counsel:

EKONOMOU ATKINSON & LAMBROS, L.L.C.
450 The Hurt Building
50 Hurt Plaza, S.E.
Atlanta, Georgia 30303
(404) 221-1000; (404) 577-3900 (fax)

**ATTORNEYS FOR THIRD-PARTY PLAINTIFFS,
AMERICAN CENTER FOR LAW AND JUSTICE
and CHRISTIAN ADVOCATES SERVING EVANGELISM, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2003, I served a copy of the within and foregoing pleading by facsimile or federal express to the Plaintiff, FOCUS DIRECT, INC., by and through its attorneys of record, namely, R. Laurence Macon and Melanie Cowart, AKIN, GUMP, STRAUSS, HAUER & FIELD, L.L.P., 300 Covent Street, Suite 1500, San Antonio, Texas 78205, and via regular mail, postage prepaid to any other counsel of record in accordance with the Federal Rules of Civil Procedure.

_____
THOMAS S. BRANDON, JR.